79,356-23

William Andrew Allen
01637192 CT Terrell
1300 Fm 655
Rosharon Texas 77583.

Court of Criminal Appeals
Po Box 12308 Capital Station
Austin Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 24 2015

Abel Acosta, Clerk

September 21 2015

Dear Mr Acosta.
Sept 08, 2015 you sent me two Letters. C.C.A. No. WR 79-356-23 Trial Court Case No. 08-09-12985-b. Inclosed is a Exact copy of the writ of Habeas Corpus. All 11 were the same except for the Charges, sentencing, and Cause No. 08-09-12976 Through 08-09-12986, This is marked writ B. In all Reality. This was the 3rd writ, And when It was sent, on February 18 2014 from the Ellis Unit to It was the same As This copy I Inclosed. The only mistake is on the 2nd Page 15. I put Ground Six Instead of Ground Seven. IS any other Pages Are Added they were Added By Waller County. The number of writ is a direct Cause of my Trial Attorney Telling me to file my Writ of Habeas Corpus on July 25 2012 As I Have Sent you copy of That Letter.

As for WR-79-356-13. If you Read the Response from Ahrum Kim, As Facts Number 4 This is a False Statement. " How can you forward a writ Before you ever Recieved It?" What I Need is the Post Card from This Court of Criminal Appeals Stating The Date That This writ was Recieved. And The Answer To This writ. And I Have Never Recieved A Answer on Respondents Response.
And I Have Never Sent a wryt on or About July 26 2013 I Have A Notice That on April 4 2012 That Liz Firkle Sent To you Writ No. 08-09-12976 B Through 08-09-12986 B And Judge Albert M McCaig Jr. of the 506 Judicial District Judge who was Not the Judge And Had No Jurisdiction of These Cases until January 2014.

Page 1 of 3.

When Texas State Legistature Took The 155th District Court Away from Waller County Texas. I Have Never Recieve Any Notice of This Writ Ever Coming To The Court of Criminal Appeal, And I Have Never Recieved An Answer, on This Writ, from The Court of Criminal Appeals. This Is what I Have.

4-8-2013 08-09-12976A - 08-09-12986A. WR-79-356-01 - WR-79-356-11 Recieved.

7-3-2013, ~~Denied~~ Dismissed As untimely filed direct Appeal was pending. This Is The Writ my Attorney Instructed me To file on July 25 2012

12/12/2013. Trial Court Cause 08-09-12976, 08-09-12986 WR-79-356-13. On This day, The Supplemental Clerks Record. In Response To The order Issued by This Court. has Been Recieved and presented To The Court.

4/7/2014 Recieved and presented To The Court. WR-79,356-14 Allen, William Andrew. Trial Court No 08-09-12976B - 08-09-12986B.
4/14/2014 WR-79,356-14 - 24. 08-09-12976B - 08-09-12986B. This Is The writ That Allegals Exceeded Two Pages. It Did Not Exceed Two Pages When I Sent it.

8-11-2014 Recieved 08-09-12986C - 08-09-12986C. WR-79-356-25 - 36.
9-24-2015 ~~Denied~~ Dismissed without Written order.

2-9-15 Recieved 08-09-12976D - 08-09-12986D. WR79-356-38 - 49.
4-15-2015 dismissed without watten order

6-30-2015 Recieved 08-09-12976E - 08-09-12986E WR29-356-300 61 Dismissed without watten order 7-29-2015

The 2nd writ Sent Is Missing still, As it was When Ahram Kim Sent The Response. October 11 2013.

Page 2 of 3.

I Have No post Cards on The Missing writ or The Answer from The Court on Respondents Responses As The Response Indactes. The Dates Are Salsh Just As The Accurations Are.

The Original Application was Recieved Sept 14 2012 That Application was Not mailed To The Court of Criminal Appeals until 7 months After The Count Clerk Recieved Them. The Proseuctor Did Not Answer until 2½ months After Court Clerk Recieved The Writ.

I Am so lost In This mess. I don't Know Where I Am At. But I do Know I Cant file A federal writ with out The Reciept or Answer To The Writ No one know where its At. Which Is The writ The Mandamus was written About.

If WR-79356-04 - WR-79-356-06 Is Non Compliant Please Show ME where The Non Compliant Is. As I Have Shown you What I Sent To The Court Clerk.

Respectfully
William Andrew Allen
Sept 21 2015



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

September 08, 2015

WILLIAM ANDREW ALLEN
Terrell Unit - TDC # 1637192
1300 FM 655
Rosharon, TX 77583

**Re:** Allen, William Andrew
**CCA No.** WR-79,356-23
**Trial Court Case No.** 08-09-12985B

Your letter has been received. Please be advised:

IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☐ To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☒ **Your application for writ of habeas corpus has been received on April 07, 2014. The status is: DISMISSED -- NON COMPLIANT on April 16, 2014. Specifically, applicant has exceeded the two pages allowed for each ground for relief and supporting facts.**

☐ Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐ Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta, Clerk

**COURT OF CRIMINAL APPEALS OF TEXAS**

~~APPLICATION FOR A WRIT OF HABEAS CORPUS~~
~~SEEKING RELIEF FROM FINAL FELONY CONVICTION~~
~~UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07~~

<u>INSTRUCTIONS</u>

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement

*[Handwritten notes, upper left:]* 08-09-12976B Through 08-09-12986B. This is the fourth writ I sent. This is a exact copy of the writ. B that I sent feb 18, 2014. Only different in the causes is the # And offence. The rest is all exactly the same.

*[Handwritten, right margin:]* Mailed February 18, 2014

*[Handwritten, bottom:]* Sent September 21 2015 Wm A

of a material fact in this application.

9.    When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10.   You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Exact Copy 9-15-15 wm gr

Anything Added To The writ Sent
2-18-14 was Added After it was
Sent.    William Jenkins Bell
             September 15 2015

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: William Andrew Allen

DATE OF BIRTH: June 15 1950

PLACE OF CONFINEMENT: Ellis Unit Walker County

TDCJ-CID NUMBER: 01637192    SID NUMBER: 08241496

*Exact Copy of 11-07 wm A*

(1)    This application concerns (check all that apply):

   ☒ a conviction          ☐ parole

   ☒ a sentence            ☐ mandatory supervision

   ☐ time credit           ☐ out-of-time appeal or petition for
                              discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

   155th District     Waller County

(3)    What was the case number in the trial court?

   08-09-12976 Through 08-09-12986

(4)    What was the name of the trial judge?

   James Keeshan. Retired

(5) Were you represented by counsel? If yes, provide the attorney's name:

Yes Calvin Garvie Po Box 416 Bellville Texas 77418

(6) What was the date that the judgment was entered?

April 23 2010

(7) For what offense were you convicted and what was the sentence?

Indenecy with a Child/Contact 8 counts. Agg Sexual Assult 2 Counts Sexual Assult 1 Couf

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

Exact Copy

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10) What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

Not on Original

I Did Not Elect To Jury for Guilt and punishment This was done on my Attonerys decision. I Knew Nothing About it?

Rev. 01/14/14

(11)  Did you testify at trial? If yes, at what phase of the trial did you testify?

Yes Guilt and Punishment

(12)  Did you appeal from the judgment of conviction?

☒ yes                    ☐ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  First District of Texas

(B)  What was the case number?  01-10-00652-CR

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

Yes Calvin Garvie PO Box 416 Bellville TX 77418

(D)  What was the decision and the date of the decision?  Affirmed June 7 1213

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?  PD0946-12

(B)  What was the decision and the date of the decision?  Refused

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes                    ☐ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number?  WR-79-356-35

3

**(B)** What was the decision and the date of the decision? _Dismissed 7-3-13_

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_First Writ Dismissed by 155th Judge And Court of Appeals_
_Second Writ Lost or distoryed by 155 District Clerk,_
_Trial Counsel Advised Appellant To file writ untimely_

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes ☒ no

If you answered yes, please provide the name of the court and the case number:

_____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

Denied Effective Assistance of Counsel

Actual Innocence's

**FACTS SUPPORTING GROUND ONE:**

Counsel Refused To Motion for Speedy Trial knowing Prime Witness was ill of Health Passing Away before Trial

Counsel Refused To Challenge Illegally Choery of Grand Jury

Counsel Refused To seek Bail on Cause 08-0912980

Counsel Refused To Motion Court for Bail Reduction After State Was Not Ready for Trial After 90 Days Confinement.

Counsel Refused To Investigate facts of Case.

Counsel failed To have full command of facts of Case

Counsel Refused To obtain Evidence Given To Him.

Counsel Refused To obtain Witness's To Testify.

Counsel Refused To Motion Court for Expert Witness Needed. Counsel Refused To Motion for 3 out of State Witnesses. depositions

Counsel Refused To hold Pretrial To Inspect Evidence.

6

Rev. 01/14/14

Counsel Refused to Motion for Election of Charges.

Counsel Refused To Let defendant assist In his defense

Counsel Refused to object To leading Questions

Counsel Refused To Consult with defendant on Motion for Hearing on Motion for New Trial. WTM

Counsel Refused To Motion for Gaskin Material.

Counsel Refused To Inform defendant of Amount of Time facing.

Counsel Refused to Inform defendant of his Appeal Rights

Counsel filed Appeal without defendants Consent.

Counsel Refused To Motion for no Consolidation of Charges.

Counsel Allowed Jury To Take Notes without Trial Court Admonishing Jury.

Counsel filed In Adequet Motion for New Trial And Appeal

**GROUND TWO:**

Denied Effective Assistance of Counsel on Appeal/
Actual Innocence -

**FACTS SUPPORTING GROUND TWO:**

At No Time did Appelant ever see, Confer, or Talk to
Counsel About Appeal or Appeal Rights.
Appellant was Denied Certification of Defendants
Right To Appeal. Copy
Counsel Refused To Consult with Appellant for Hearing
on Motion for New Trial.
Counsel Refused To make A proper Investigation of
Appellants Case.
Counsel failed To diligently prosecute Appeal
Counsel Quit Representation of Appellant Before
Appeals were Exhausted

Counsel Breached Attorney Client Relationship Between Appellant and Carlos Hernandez 774-7746 and Mr. Aguilars And Appellant.

Counsel Refused To Supply Appellant with Needed documents so As Appellant could file writ of Habeas Corpus 11.07.

Counsel Refused To Return files And Evidence given To him by defendant.

Counsel Bad Advise Caused Appellants first writ of Habeas Corpus to Be Dismissed as Untimely filed.

Rev. 01/14/14

**GROUND THREE:** Actual Innocences'

**FACTS SUPPORTING GROUND THREE:**

Counsel Refused To present Given/witnesses Including Alibi Witnesses

Counsel Refused To Investigate Case, Collect, or present Evidence given To Counsel by defendant

Counsel Refused To Challenge Prosecution on untrue Testimony and go uncorrected.

Prosecution used Known Perjured Testimony: And Prosecution presented Witness That Had No Knowledge of The facts In the Case.

Prosecution withheld Evidence so As defendant Could not use it.

10



Exact Copy 9-15-15
Wm-A

11

**GROUND FOUR:**

Denied due Process of Law

Actual Innocences

**FACTS SUPPORTING GROUND FOUR:**

Trial Court Allowed Jury To Take Notes without
Bsing Admonished.

Defendant was Denied his Right To Call Witnesses
for His defense.

Prosecution failed To Turn over Evidence to The
defendant So As defendant could defend himself Against it.

defendant was Denied Expert witness To disprove
Allegations Against Him, or disprove Testimony
of Witness's

Prosecution used Known Perjured Testimony
without Correcting it.

12

Exact Copy

9-15-15
Wm A

**GROUND:** Five

State and Prosecution Misconduct.

Actual Innocences

**FACTS SUPPORTING GROUND:**

Prosecution Retained Witness That had no Knowledge of The Matters In Violation of Rules of Evidence Rule 602

Prosecution used Confidential and Private Conversation Between Defendant and Clergy In violation of Rules of Evidence Rule 505 (2) and The First Amendment of The united States Constitution.

Prosecution Knowingly used perjured Testimony

Prosecution withheld Evidence from Defendant.

9-15-15
Wm A

Exact Copy

15

Rev. 01/14/14

GROUND: Six 08-09-12983 + 08-09-12984

Double Jepardy

FACTS SUPPORTING GROUND:

Indictment State That on or About The 29 Day of October 2007. Victim Testified That Nothing Happened Before October 29 2007. Defendant WAS deneed Evidence And Witnessess To Prove That on October 29 2007 defendant WAS in Houston with bob Stringer And defendants Daughter And on Return Home Mr Freddie brumlow Took defendants Stepchildren Into Tocan with him without defendant. So At No Time WAs defendant EVER Alone with Any Stepchildren on October 29 2007

14

*This Should of Been Ground 7,*

Ground Six 08-09-12?82

Evidence factally Insufficent To Support Conviction

Victims Testimony does Not match the States Evidence

Evidence Shows one Thing victims Testimony Says just

The opposite of Testimony. No DNA was taken To

Prove Victims Testimony, No Nothing bedding was

taken To show DNA. Defendant was denied Any

witnesses To Disprove Victims Testimony To which

There were 5 for october 29 2007 And 3 for

June 23 2008 State Took video's of Everything

but The Damaged Door Knob That The Dog Chewed

And lock was unable To work

States Evidence Exhibit 4&5 Shows it was

Impossable To look out the window As was

Testified Too

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _18_ DAY OF _Febuary_, 20 _18_.

_____
Signature of Notary Public

16

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

**INMATE'S DECLARATION**

I, William Andrew Allen , am the applicant / petitioner (circle one) and

being presently incarcerated in Ellis Unit Walker County , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on February 18 , 20 14

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _Sburary 18_____, 20_14_.

_William Andrew Allen_

Signature of Petitioner

18

Rev. 01/14/14